Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Maritza Moses, and others similarly situated,<br>Plaintiff,<br>v.<br>Lending Club,<br>Defendant. | Civil Action No.:<br>**CLASS ACTION COMPLAINT PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br>**JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this matter because the claims of Plaintiff Maria Moses ("Plaintiff" or "Ms. Moses") arise from violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), which is a law of the United States.

2. Under 28 U.S.C. § 1391, venue is proper in the District of Nevada because many of the acts giving rise to this action occurred in this District, Defendant Lending Club Corporation ("Lending Club" or "Defendant") conducts business in this District, and have intentionally availed themselves of the laws and markets within this District.

## PARTIES

3. Plaintiff is and was at all times relevant to this matter a resident of the state of Nevada, residing in Las Vegas, Clark County, Nevada. At all relevant times, Plaintiff was an individual residing in the state of Nevada. Plaintiff and all similarly situated individuals (the "Class") are consumers as that term is defined by the FCRA, 15 U.S.C. **§** 1681a(c).

4. Lending Club is a Delaware corporation with its principal place of business in San Francisco, California. Lending Club is a "person" for purposes of 15 U.S.C. § 1681a(b).

## NATURE OF ACTION

5. Plaintiff brings this action for damages and other equitable and legal remedies resulting from the illegal conduct of Lending Club, who negligently and/or willfully accessing the consumer credit reports of Plaintiff and Class members without a statutorily permissible purpose in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *et seq.*

6. The FCRA was enacted in 1970 to promote the accuracy, fairness, and *privacy* of consumer credit information contained in the files of consumer reporting agencies.

7. Section 15 U.S.C. § 1681b(f) prohibits the use and obtaining of consumer reports "for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in

accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

8. The FCRA established specific rules placing limitations upon an entity or person seeking to access a consumer credit report, including:

> **(f) Certain use or obtaining of information prohibited. -** A person shall not use or obtain a consumer report for any purpose unless –
>
> **(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> **(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. §1681b(f).

Section1681b(a)(3) of the Fair Credit Reporting Act lists the all-inclusive purposes for which a consumer report can be obtained, as follows:

> **(a) In General.** - * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> * * *
>
> **(3)** To a person which it has reason to believe –
>
> **(A)** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> * * *
>
> **(F)** otherwise has a legitimate business need for the information -
>
> **(i)** in connection with a business transaction that is initiated by the consumer; or
>
> **(ii)** to review an account to determine whether the consumer continues to meet the terms of the account.

9. Defendants accessed Plaintiff's consumer reports (and on information and belief, numerous others) from credit reporting agencies without a permissible purpose violating 15 U.S.C. § 1681b(f).

## FACTUAL ALLEGATIONS

10. On 4/29/2016, Plaintiff filed for Chapter 7 bankruptcy, Case No. 16-cv-12382-led (the "Chapter 7 Bankruptcy"). On Schedule E/F on her voluntary petition, Plaintiff listed two accounts with Lending Club, Nos. 2036 and 2115 (the "Accounts"). Both Accounts were listed as "unsecured."

11. On 8/3/2016, Plaintiff received her Chapter 7 bankruptcy discharge, which included a discharge of the Accounts. Her Chapter 7 Bankruptcy case was terminated on 8/8/2016. As a consequence of her bankruptcy discharge, Plaintiff no longer had any account relationship with Lending Club.

12. On or about August 16, 2017, Plaintiff acquired her Trans Union consumer disclosure, No. 318488389-019 (the "Trans Union Disclosure"). Thereon, Trans Union listed her Chapter 7 Bankruptcy as "Discharged" with a "Date Paid" of 8/3/2016.

13. The Trans Union Disclosure also reported both Accounts uniformly as having a $0 balance, a "date closed" of 12/31/2015, a "pay status" of "Account Included in Bankruptcy," and a "remark" of "Chapter 7 Bankruptcy."

14. The Trans Union Disclosure also contained a list of inquiries made on Plaintiff's file. These included an "Account Review" inquiry from Lending Club on 9/9/2016, after the date of Plaintiff's Chapter 7 Bankruptcy discharge.

15. Because Lending Club had no business relationship with Ms. Moses after August 3, 2016, it did not have a permissible purpose to access her credit report on January 19, 2016 to conduct an "account review" under 15 U.S.C. § 1681b(a)(1)(3)(A), or otherwise had a "legitimate business need" for the information under 15 U.S.C. § 1681b(a)(1)(3)(F), or

otherwise had license to review Plaintiff's private credit information for account-review purposes under any other subsection of 15 U.S.C. § 1681b.

16. Lending Club's procuring of Ms. Moses's private credit information violated her statutory right to privacy because she was deprived of the opportunity to "meaningfully authorize" the disclosures which have been made to third parties.[1] Other Courts of Appeal have recognized that "unauthorized *disclosures* of information' have long been seen as injurious," and that "with the passage of the FCRA, Congress established that the unauthorized dissemination of personal information by a credit reporting agency causes an injury in and of itself – whether or not the disclosure of that information increased the risk of identity theft or some other future harm."[2]

17. In *In re Ocwen Loan Servicing LLC Litig.*, a Nevada District Court applied the reasoning of *Syed* to conclude that "The FCRA is clear that account review inquiries are permissible to determine whether the consumer *continues* to meet the terms of the account," and that "[t]he operative word in this provision is "continues," which indicates Congress recognized that once an individual terminated her relationship with a lender it was no longer permissible for the lender to access the account (precisely because the lender would have no reason for doing so)."[3] The *In re Ocwen* court further noted that "Congress recognized the harm that results to consumers when they do not give consent to purported credit pulls,

[1] *See, e.g.*, *Syed v. M-I LLC*, 846 F.3d 1034 (9th Cir. 2017), *as amended*, 853 F.3d 492 (9th Cir. 2017), *cert. denied*, 2017 WL 2671483 (U.S. Nov. 13, 2017). *See also Toldi v. Hyundai Capital America*, No. 16-cv-1877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017) (noting that, in context of suit brought under the Telephone Consumer Protection Act, "when a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries the courts have long recognized, such as invasion of privacy and nuisance.").

[2] *In re Horizon Healthcare Services Inc. Data Breach Litig.*, 846 F.3d 625, 639-640 (3d Cir. 2017) (emphasis in original).

[3] 240 F. Supp. 3d 1070, 1076 (D. Nev. 2017); *see also Rodriguez v. Your First Choice, LLC*, No. 16-cv-2447-APG-CWH, 2017 WL 4855406, at *5 (D. Nev. Oct, 25, 2017); *Smith v. One Nevada Credit Union*, No. 16-cv-2156-GMN-NJK, 2017 WL 2803169, at *3 (D. Nev. June 27, 2017).

even when the reason for the pull is permissible under the statute."[4] Thus, by procuring Plaintiff's consumer report without a permissible purpose, Lending Club subjects each consumer to a concrete informational injury.

18. Data furnishers who obtain a consumer's account for purposes of "account review" when they have no ongoing account relationship with the consumer also willfully violate the FCRA because these data furnishers know whether or not they have any such relationship with that consumer. Such violations of Section 1681b(f) violate a consumer's reasonable expectation of privacy, resulting in a concrete informational injury.[5]

19. Lending Club's accessing Plaintiff's consumer credit report was not in accord with any of the permissible purposes set forth in FCRA, 15 U.S.C. §§ 1681, *et seq*. Thus, Lending Club violated 15 U.S.C. § 1681b(f).

20. On information Lending Club's violations of the FCRA were willful, because it knew by consequence of Plaintiff's bankruptcy discharge that any account relationship it had with Plaintiff had terminated. Thus, Plaintiff is entitled to an award of statutory damages and attorney's fees and costs. 15 U.S.C. § 1681n.

21. For the same reasons, Lending Club's conduct was also negligent, and its conduct has caused Plaintiff to suffer actual damages. Specifically, Plaintiff has suffered an intangible concrete injury, and has lost a benefit conferred on her by Congress, which once lost, she can never retain. She has also incurred expenses in the form of lost time and transportation costs in considering how to counteract Lending Club's violation of her statutorily protected privacy rights. She has also been obligated to retain the services of an attorney to remedy

[4] *In re Ocwen*, 240 F. Supp. 3d at 1076.

[5] Data furnishers who obtain a consumer report under false pretenses are also liable when their violation is willful. 15 U.S.C. § 1681q; *Hansen v. Morgan*, 582 F.2d 1214, 1220 (9th Cir. 1978).

Lending Club's unlawful conduct. 15 U.S.C. § 1681o. She also remains concerned that additional information about her personal affairs has been obtained and feels that a part of her bankruptcy discharge has been compromised – since the discharge was intended to sever her ties with Lending Club, which continued to treat her account as an active, valid account instead of treating its relationship with the Plaintiff as (rightly) terminated resulting from her discharge.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated, i.e., the Class.

24. Plaintiff represents, and is a members of the Class, consisting of:

> All consumers with addresses in the United States whose consumer reports were accessed by Lending Club for which Lending Club did not otherwise have a permissible purpose to access that particular consumer report. The class period runs from two years from September 9, 2016.

25. Lending Club, and its employees or agents are excluded from the Class.

26. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of the Class were harmed by the acts of Lending Club in at least the following ways: Lending Club, either directly or through its agents, violated 15 U.S.C. § 1681b(f) when it accessed Plaintiff and Class members' consumer reports at a time Lending Club did not have an ongoing right to receive payments from either Plaintiff or any member of the Class, and did not otherwise have a permissible purpose to access that consumer

report. Plaintiff and Class members suffered concrete informational injuries because they had Congressionally protected privacy interests, which Lending Club violated by accessing their personal information without a permissible purpose.

28. This class allegation seeks recovery of statutory and punitive damages on behalf of the Class, any relief the Court deems appropriate under Federal Rule of Civil Procedure 23(b)(2), and reasonable attorney's fees and costs. Plaintiff expressly does not intend to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The members of the Class can be identified through Lending Club's records or Lending Club's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the two years prior to September 9, 2016, Lending Club or its agents violated 15 U.S.C. § 1681b(f) when they accessed Plaintiff or Class members' consumer reports at a time when Plaintiff or Class members had no account relationship with Lending Club;

b. Whether Lending Club did not otherwise have a permissible purpose to access Plaintiff or Class members' consumer reports; and

c. Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violations.

31. Plaintiff is typical of Class members in that he suffered harm resulting from Lending Club's impermissible pulls of her consumer reports.

32. Plaintiff will fairly and adequately represent and protect the interest of the Class in that he has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Lending Club's unlawful and wrongful conduct; namely they each lost their Congressionally guaranteed right to privacy under 15 U.S.C. § 1681b.[6] As a result, all Class members have lost a benefit conferred on them by Congress, which can never be recovered. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Lending Club will likely continue such illegal conduct. These actions will likely cause systematic deficiencies and continue to cause consumers to suffer concrete informational harms.

34. Class certification is also appropriate because Lending Club has acted on grounds generally applicable to the Class.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Lending Club to comply with federal law. The interest of Class members in individually controlling the prosecution of

[6] *See, e.g.*, *Syed v. M-I LLC*, 846 F.3d 1034 (9th Cir. 2017), *as amended*, 853 F.3d 492 (9th Cir. 2017);

separate claims against Lending Club is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

## CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f)

37. Plaintiff and Class members incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple willful or reckless violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*, including but not limited to 15 U.S.C. §§ 1681b.

39. As a result of each and every willful violation of the FCRA, Plaintiff and Class members are entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Lending Club.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class respectfully request that the Court grant Plaintiff the following relief against Defendants:

A. An award of statutory damages;

B. An award of actual damages;

C. An award of punitive damages;

D. An award of attorneys' fees and reasonable costs to Plaintiff's counsel; and

E. Any additional relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts triable by jury.

Dated: December 14, 2017

Respectfully submitted,

*/s/ David H. Krieger, Esq.*

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Ste. 170-109
Las Vegas, NV 89129

Attorneys for Plaintiff